**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ING INSURANCE COMPANY OF CANADA, *as Subrogree of Jules Roy*, | |
| Plaintiff, | NO. 3:08:-CV-0986 |
| v. | (JUDGE CAPUTO) |
| YVONNE SHARROW, | |
| Defendant. | |

**MEMORANDUM ORDER**

Presently before the Court is Plaintiff ING Insurance Company of Canada's ("ING") Complaint. (Doc. 1.) Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999.)

Plaintiff alleges that jurisdiction is proper because of diversity of citizenship. Plaintiff properly alleges that the amount in controversy exceeds the $75,000 minimum as per 28 U.S.C. 1332(b). Although it has been alleged in the Complaint that the Defendant resides in Pennsylvania, and that the Plaintiff's principal place of business is in Halifax, Nova Scotia in Canada, such allegations are insufficient to allege diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See Clifford Corp., N.V. v. Ingber*, 713 F. Supp. 575 (S.D.N.Y. 1989) (finding that Section 1332(c) applies to foreign corporations and therefore the plaintiff must plead both place of incorporation and principal place of business). As Plaintiff has failed to allege its place of incorporation, it has failed to properly allege diversity of citizenship.

**NOW,** this 30th day of May, 2008, upon review of the Plaintiff's Complaint, **IT IS**

**HEREBY ORDERED THAT** this action is **DISMISSED** without prejudice based upon lack of subject matter jurisdiction.

                                /s/ A. Richard Caputo
                                A. Richard Caputo
                                United States District Judge